**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANCESCO PISERCHIA,

Plaintiff,

v.

BERGEN COUNTY POLICE
DEPARTMENT, et al.,

Defendants.

Civil Action No. 2:12-cv-02520 (CCC)
(JAD)

**OPINION**

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon application by pro se plaintiff Francesco Piserchia ("Plaintiff") for the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1) (the "Application") (ECF No. 13). Pursuant to Federal Rules of Civil Procedure 78, no oral argument was heard. After carefully considering the submissions, and based upon the following, Plaintiff's Application is **GRANTED**.

**I. BACKGROUND.**

This matter involves a pro se plaintiff's application for appointment of pro bono counsel. Plaintiff is currently incarcerated at Northern State Prison in Newark, New Jersey.

Plaintiff commenced this action on April 27, 2012 by filing a Complaint alleging violations of his Constitutional rights pursuant to 42 U.S.C. § 1983 and § 1985. (Compl., ECF No. 1). The Complaint named twenty-one Defendants, each named in their individual and official capacities.[1] Plaintiff alleged that Defendants used excessive force when arresting him —

---

[1] Specifically, the Complaint named the Bergen County Police Department; Officer Saheed Baksh of the Bergen County Police Department; Officer Jeffrey Roberts of the Bergen County Police Department; Officer Leszek Lorenc of the Bergen County Police Department; Officer Michael Perry of the Bergen County Police Department; Officer

including shooting at Plaintiff while he was attempting to surrender, punching Plaintiff in the face and head area, and stuffing mud in Plaintiff's mouth – and subsequently conspiring to cover-up the unlawful and wrongful acts of one another. (Compl. ¶¶ 5, 14). Plaintiff alleged that Defendants tampered with evidence at, and/or removed evidence from, the scene of the arrest in an effort to cover-up their use of excessive force (Id. ¶ 18), and withheld relevant information from, and provided false information to, the Grand Jury. (Id. ¶¶ 30-31), among other claims.[2]

Plaintiff initially filed his Complaint in a pro se capacity. When filing, he failed to either properly complete his in forma pauperis application or timely submit the $350.00 filing fee. (Order, ECF No. 2). As a result, the Court administratively terminated Plaintiff's case on October 22, 2012. (Id.).

Thereafter, Plaintiff retained counsel, namely Jeffrey M. Patti, Esq. Mr. Patti entered his appearance and requested that this case be reinstated; the Court granted this request on

---

Niarah McGuiness of the Bergen County Police Department; Officer Thomas Mucci of the Bergen County Police Department; Officer John Peterson of the Englewood Police Department; Sergeant Robert Carney of the Bergen County Police Department; Lieutenant James Mullin of the Bergen County Police Department; Captain Brian Higgins of the Bergen County Police Department; Captain Malakas of the Bergen County Police Department; the Bergen County Prosecutor's Office; Detective James Costello of the Bergen County Prosecutor's Office Major Crimes Unit; Detective Gary Boesch of the Bergen County Prosecutor's Office Major Crimes Unit; Detective James Brazofsky of the Bergen County Prosecutor's Office Major Crimes Unit; Detective Sergeant Gary Allmers of the Bergen County Prosecutor's Office Major Crimes Unit; Sergeant Russ Christiana of the Bergen County Prosecutor's Office Major Crimes Unit; Lieutenant Robert Anzilotti of the Bergen County Prosecutor's Office Major Crimes Unit; Captain James Hornyak of the Bergen County Prosecutor's Office Major Crimes Unit; Chief Steven Cucciniello of the Bergen County Prosecutor's Office Major Crimes Unit (collectively, "Defendants").

[2] Plaintiff asserted seven claims for relief: (1) Defendants acted in violation of Plaintiff's Fourteenth Amendment Due Process rights; (2) Defendants violated Plaintiff's Fourteenth Amendment rights while acting under the color of state law; (3) Defendants conspired to deprive Plaintiff of his Due Process rights and covered-up unlawful and wrongful acts of each other in violation of 42 U.S.C. §1985; (4) Defendants Officer Saheed Baksh and Officer Jeffrey Roberts acted in violation of Plaintiff's Constitutional rights by using excessive force; (5) Defendant Baksh violated Plaintiff's Fourth Amendment rights in his "volitional use of force;" (6) Defendants Bergen County Police Department, Bergen County Prosecutor's Office, Sergeant Robert Carney, Detective James Costello, Detective James Brazofsky, Detective Gary Boesch, Detective Sergeant Gary Allmers, Sergeant Russ Christiana, Lieutenant Robert Anzilotti, Captain Joseph Hornyak, Captain Malakas and Chief Steven Cucciniello violated Plaintiff's Equal Protection rights when they failed to properly investigate and/ or proceed with criminal charges where they discovered that a crime had been committed; (7) Defendants violated Plaintiff's Substantive Due Process rights by abusing their official power. (Compl. ¶¶ 4-10, ECF No. 1).

2

November 30, 2012. (Order, ECF No. 5). However, this is the only action Mr. Patti took on behalf of Plaintiff. Notably, the Complaint was never served on any of the Defendants.

On April 30, 3013, Mr. Patti filed a motion to withdraw as counsel. (Mot. Withdraw, ECF No. 12). Plaintiff opposed the motion, and the Court conducted a videoconference with Plaintiff on July 1, 2013. The Court granted Mr. Patti's motion to withdraw as counsel on July 1, 2013, and this Application followed.[3]

Plaintiff argued that the appointment of counsel is necessary due to the withdrawal of Mr. Patti and the difficulty and magnitude of this matter. (Appl. ¶ 3, ECF No. 16). Plaintiff indicated that he has an eighth grade level of education. (Opp. Mot. Withdraw 3, ECF No. 13). He represented that he has no assets, property or bank accounts, and attached a "six month inmate account statement" to demonstrate his indigence. (Appl. ¶ 4). In addition, Plaintiff submitted documentation evidencing his attempts to obtain counsel from various lawyers and associations, all of which were declined. (Appl., Ex. A, 16-1). Plaintiff also submitted an article from the Mahwah Patch, which provided information regarding another lawsuit that arose out of the incidents surrounding Plaintiff's arrest. (Id.). Plaintiff argued that his case is a complex matter involving allegations of official misconduct by police officers and prosecutors, which supports his need for counsel. (Opp. Mot. Withdraw 3, ECF No. 13).

## II. LEGAL STANDARD.

District courts have the authority to request the appointment of counsel to represent indigent litigants in civil cases. 28 U.S.C § 1915(e)(1). Civil litigants have neither a

---

[3] This Application is not Plaintiff's first request for the appointment of counsel. On February 21, 2013, Plaintiff requested the Court appoint him counsel, notwithstanding that he was then represented by Mr. Patti, due to the fact that Mr. Patti had not taken any action in the matter and had ceased communicating with Plaintiff. (Appl. Pro Bono Counsel, ECF No. 10). In addition, in his opposition to Mr. Patti's motion to withdraw as counsel, Plaintiff requested that the Court either deny Mr. Patti's motion or appoint him counsel. (Br. Opp. Mot. Withdraw 4, ECF No. 13).

3

constitutional nor statutory right to appointed counsel. Parham v. Johnson, 1269 F.3d 454, 456-57 (3d Cir. 1997). Accordingly, the Third Circuit directed that district courts should first determine whether a pro se party's claim "has arguable merit in fact and law." Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993), cert denied, 510 U.S. 1996 (1994). Assuming the claim has merit, the Third Circuit promulgated a number of factors to be considered by district courts in the exercise of their discretion under § 1915(e)(1). These factors are: (1) the pro se party's ability to present his case; (2) the complexity of the legal issues; (3) the extent of factual discovery and the pro se party's ability to investigate and to comply with complex discovery rules; (4) the extent to which the case may turn on credibility determinations; (5) whether expert testimony will be required; and (6) whether the pro se party can afford counsel on his own behalf. See Parham, 12 F.3d 454; Tabron, 6 F.3d at 155, 158. No single factor is determinative.

The Third Circuit further emphasized that "volunteer lawyer time is extremely valuable" and, for that reason, "district courts should not request counsel under § 1915[(e)(1)][4] indiscriminately." Tabron at 157. Finally, "we must take note of the significant practical restraints on the district courts' ability to appoint counsel: . . . the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." Id.

### III. ANALYSIS.

In order for the Tabron factors to be applicable, the pro se party's claims must have merit in law and fact. In analyzing the merits of Plaintiff's Complaint, the Court is cognizant that a pro se plaintiff's complaint is held to a less stringent standard than pleadings filed by an attorney. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Moreover, the Court recognizes that civil rights

---

[4] At the time of Tabron, § 1915(d) governed the appointment of counsel by a district court. Upon the amendment of the statute in 1996, § 1915(e)(1) became the operable statutory provision.

4

allegations are not meritless unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle him or her to relief. Id.

In the present case, Plaintiff alleged that Defendants violated his Constitutional rights by using excessive force upon him. (Compl. ¶¶ 6, 14, ECF No. 1). Plaintiff also alleged Defendants tampered with evidence from the arrest scene in an effort to cover-up their wrongdoing. (Id. at ¶ 34). Although Plaintiff's claims will require evidentiary support, Plaintiff's claims have sufficient merit to allow this Court to proceed to the second stage of the Tabron analysis. Tabron, 6 F.3d at 156.

Turning to the first Tabron factor, the Court must look to the pro se plaintiff's ability to present his case. Tabron, 6 F.3d at 156. Plaintiff claimed that the complexity of this case, along with his confinement, will impede his ability to pursue his claims. (Appl., ECF No. 11). Plaintiff's pro se Complaint evidenced Plaintiff's basic understanding of his claims and the applicable law. However, Plaintiff has also struggled with complying with court procedures and with moving his case forward. This case was administratively terminated on October 22, 2012 because Plaintiff failed to either properly complete his in forma pauperis application or timely submit a $350.00 filing fee. Moreover, although the Complaint was filed on April 27, 2012, no summonses have been served on any named defendant. The Court finds that Plaintiff's lack of legal training, difficulty complying with the Federal Rules of Civil Procedure, and incarcerated status weigh in favor of appointing counsel.

Next, the Court considers the following factors: the complexity of the legal issues; the extent of factual discovery and the pro se party's ability to investigate and to comply with complex discovery rules; the extent to which the case may turn on credibility determinations; and whether expert testimony will be required. See Tabron, 6 F.3d at 156. Plaintiff's claims, which

5

include excessive force and conspiracy by police officers and prosecutors, are legally complex. Whether or not the use of force was excessive will require expert testimony, and will likely turn on credibility determinations regarding the circumstances of the incident. Moreover, these claims are asserted against twenty-one defendants, alleging a coordinated effort to cover-up the use of excessive force by tampering with evidence and presenting false testimony to the Grand Jury. The facts of this case are sufficiently complex that Plaintiff may not be able to complete sufficient factual investigation without the assistance of counsel. Indeed, Plaintiff is currently incarcerated, and his prior counsel failed to even serve the Complaint on Defendants, let alone conduct discovery, notwithstanding that this matter was filed nearly a year and a half ago. These factors weigh in favor of appointing counsel.

Finally, the court must consider the pro se party's ability to attain and afford counsel on his own behalf. Plaintiff filed the Complaint pro se, but subsequently retained counsel. It appears from the record that Plaintiff entered a contingent fee agreement with Mr. Patti, and paid only $450.00 toward the $1,500.00 retainer fee he owed Mr. Patti. (Appl., Ex. A, ECF No. 16-1). Plaintiff submitted Trust Account Statements from Northern State Prison indicating that he had a balance of $2,187.88 in a "spendable" account. (Trust Account Statement, ECF No. 16-2). In addition, Plaintiff submitted multiple responses he received from attorneys and associations declining to represent him. (Appl., Ex. A, ECF No. 16-1). Given Plaintiff's inability to retain counsel following Mr. Patti's withdrawal, the Court finds this factor weighs in favor of appointing counsel.

Accordingly, the balance of the factors weighs in favor of appointing counsel. Thus, the Court shall grant Plaintiff's Application.

## IV. CONCLUSION.

For the foregoing reasons, Plaintiff's Application (ECF No. 13) is **granted**. The Court shall refer this case to the Office of the Clerk for the appointment of an attorney from the Civil *Pro Bono* Panel pursuant to Appendix H of the Local Civil Rules, Procedures Governing Appointment of Attorneys in Pro Se Civil Actions.

**SO ORDERED**

_____  8/5/13
JOSEPH A. DICKSON, U.S.M.J.

cc: Hon. Claire C. Cecchi, U.S.D.J.